IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OSCAR CHACON,

 Petitioner,

v.             No. CV 10-0303 JC/RHS
               CR 92-0038 JC

UNITED STATES OF AMERICA,

 Respondent.

MEMORANDUM OPINION AND ORDER

   This matter comes before the Court on remand from the Court of Appeals for the Tenth Circuit. *See United States v. Chacon*, No. 10-2095, 2010 WL 4846106, at *2 (10th Cir. Nov. 30, 2010). By order entered on April 14, 2010, this Court dismissed Petitioner's Petition For Writ Of Audita Querela with prejudice. On appeal, the Court of Appeals instructed this Court to vacate the April 14 order. As the appellate order states, "[b]ecause Chacon's petition [for writ of audita querela] is an unauthorized second or successive § 2255 motion, it should have been dismissed for lack of jurisdiction or transferred to this court." The order directs this Court to either dismiss Petitioner's petition without prejudice or transfer it to the Court of Appeals.

   "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631. Under *Cline*, the decision to transfer or dismiss a second § 2255 motion requires consideration of several factors: "whether the claims would be time barred if filed anew . . . , whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Cline*, 531 F.3d at 1251 (citing *Trujillo*

*v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

As discussed in this Court's order of April 14, 2010, "Petitioner contends that his sentence should be reduced under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). The benefit of the ruling in *Booker* is not available to a defendant on collateral review of a criminal conviction or sentence. The decision applies only to cases that are pending or on direct review. *See Booker*, 543 U.S. at 268; *and see United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). . . . Petitioner's conviction became final in 1993, and *Booker* was decided in 2005. Petitioner is not entitled to relief under the *Booker* decision." It is unlikely, therefore, that Petitioner's § 2255 claims have merit or are filed in good faith. According to the factors in *Cline* and the instructions in *United States v. Chacon*, 2010 WL 4846106, at *2, the Court will dismiss Petitioner's petition without prejudice for lack of jurisdiction.

Furthermore, *sua sponte* under rule 11 of the Rules Governing Section 2255 Cases, the Court determines that Petitioner's previous failure to make a substantial showing of denial of a constitutional right has not been affected by intervening appellate rulings or further review by this Court. The Court will again deny a certificate of appealability.

IT IS THEREFORE ORDERED that the order (CV Doc. 3; CR Doc. 189) entered on April 14, 2010, is VACATED;

IT IS FURTHER ORDERED that Petitioner's Petition For Writ Of Audita Querela (CV Doc. 1; CR Doc. 188) filed on March 31, 2010, is DISMISSED without prejudice for lack of jurisdiction; and an amended judgment will be entered;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE

2